# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**UNITED STATES OF AMERICA**

**vs**

**PAUL DAVID LYNCH**

**Case Number. 8:09-cr-435-T-17AAS**
**USM Number: 41154-018**

**Conrad Kahn, FPD**

## SECOND AMENDED JUDGMENT IN A CRIMINAL CASE*

The defendant pleaded guilty to Counts One and Two of the Indictment.  Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 922(g) and 924(e) | Felon in Possession of a Firearm | June 25, 2009 | One |
| 21 U.S.C. § 841(b)(1)(C) | Possession With the Intent to Distribute Cocaine | June 25, 2009 | Two |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:
August 10, 2016

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

August 10, 2016

*A Second Amended Judgment was issued pursuant to Order [Dkt. 90] dated 8/10/2016.

David Paul Lynch
8:09-cr-435-T-17AAS

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of TIME SERVED as to Counts One and Two of the Indictment.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 4/09) Judgment in a Criminal Case

David Paul Lynch
8:09-cr-435-T-17AAS

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS as to Counts One and Two of the Indictment, both such terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are imposed.  The Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1.  The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.  The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3.  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.  The defendant shall support his or her dependents and meet other family responsibilities;

5.  The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.  The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7.  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8.  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.  The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

AO 245B (Rev. 4/09) Judgment in a Criminal Case

David Paul Lynch
8:09-cr-435-T-17AAS

10.     The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11.     The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12.     The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.     As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1.     The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the defendant is directed to submit to random drug testing.

2.     The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $200.00 | Waived | N/A |

### FORFEITURE

The Court orders that the defendant forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture.  Final Judgment of Forfeiture attached.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 8:09-cr-435-T-17EAJ

PAUL DAVID LYNCH

### FINAL JUDGMENT OF FORFEITURE

Before the Court is the United States' Motion for a Final Judgment of

Forfeiture, pursuant to 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal

Procedure 32.2(c)(2), for the following identified assets:

a.  $4,233.00 seized from the defendant's person;

b.  $3,500.00 seized from the defendant's jacket, which
was located in his bedroom;

c.  One Taurus model PT-25, .25 caliber automatic pistol,
serial number DYA41844;

d.  One Taurus model PT 99 AF 9mm automatic pistol,
serial number L56579;

e.  193 rounds of assorted ammunition, including the following:

   1)  Various rounds of .25 caliber ammunition;

   2)  Two boxes (approximately 100 rounds) of China North
Industries 9mm ammunition; and

   3)  One box (approximately 50 rounds) of Winchester
9mm ammunition;

f.  9 rounds of .635 caliber ammunition;

g.  13 rounds of Brazilian Cartridge Company 9mm ammunition;

h.   15 rounds of assorted 9mm ammunition; and

i.   30 rounds of assorted 9mm ammunition.

Having been fully advised in the premises, the Court finds as follows:

1.   On April 15, 2010, the Court granted the United States' motion and entered the Preliminary Order of Forfeiture, forfeiting to the United States of America all of Lynch's interest in the identified assets. (Doc. 28).

2.   On May 27, 2010, Lynch was sentenced, and the identified assets were found subject to forfeiture and included in the Judgment. (Docs. 41, 44).

3.   On April 23, 2010 and May 20, 2010, the United States sent notice of the forfeiture and of the United States' intent to dispose of the identified assets to Ryan Penniston, 3001 N. Adams Street, Tampa, Florida 33616, via U.S. regular mail and certified mail no. 7005 1160 0001 4165 3082. The certified mail was returned "unclaimed," but the notice sent by regular mail was not returned. The notice gave Mr. Penniston instructions for filing a petition with the Clerk, United States District Court, Middle District of Florida, Sam M. Gibbons Courthouse, 801 North Florida Avenue, Tampa, Florida 33602, to claim an interest in the identified assets.

4.   On July 7, 2010, the United States sent notice of the forfeiture and of the United States' intent to dispose of the identified assets to Robin Martin, 4209 West Gray Street, Unit 6, Tampa, Florida 33609, via U.S. regular mail and certified mail no. 7007 0710 0003 3624 0837. The certified mail was returned

2

"unclaimed," but the notice sent by regular mail was not returned. The notice gave Mr. Martin instructions for filing a petition with the Clerk, United States District Court, Middle District of Florida, Sam M. Gibbons Courthouse, 801 North Florida Avenue, Tampa, Florida 33602, to claim an interest in the identified assets.

5.      In accordance with 21 U.S.C. § 853(n) and Rule 32.2(b)(6)(C), the United States published notice of the forfeiture, and of its intent to dispose of the identified assets, on the official government website, www.forfeiture.gov, from April 16, 2010 through May 16, 2010. (Doc. 37). The publication gave notice to all third parties with a legal interest in the identified assets to file with the Office of the Clerk, United States District Court, Middle District of Florida, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida 33602, a petition to adjudicate their interest within sixty (60) days of the first date of publication.

6.      No person or entity other than Lynch (whose interest was forfeited to the United States in the Preliminary Order of Forfeiture), and Ryan Penniston and Robin Martin are known to have an interest in the identified assets. No third party has filed a petition or claimed an interest in the identified assets, and the time for filing such petition has expired. Thus, any third-party interest in the property is now barred.

3

*Case No.  8:09-CR-435-T-17EAJ*

Accordingly, it is hereby

ORDERED AND ADJUDGED that the United States' motion is GRANTED. It is FURTHER ORDERED that all right, title, and interest in the identified assets is CONDEMNED and FORFEITED to the United States of America under the provisions of 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2), for disposition according to law.

Clear title to the identified assets is now vested in the United States of America.

DONE and ORDERED in Chambers in Tampa, Florida, this *27th* day of *December*, 20 *10*.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: Attorneys of Record

4